# Long, Appellant, *v.* Philadelphia.

*Negligence—Municipalities—Excavation in street occupied by railroad—Railroads.*

A city cannot be held liable for the consequences of an accident resulting from an excavation in a street, where it appeared that the street was occupied by the tracks of a railroad company, that the excavation in question had been made by a contractor of the railroad company in taking up and relaying the tracks, and that this work had not been abandoned but was in full progress when the accident occurred.

Argued March 28, 1905.    Appeal, No. 82, Jan. T., 1905, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1904, No. 4757, on verdict for defendant in case of William J. Long, a minor, by his next friend and mother, Catharine Long, v. City of Philadelphia.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

At the trial it appeared that on August 2, 1904, plaintiff was injured by an accident resulting from an excavation in Delaware avenue where it intersected with Spruce street in the city of Philadelphia. At the point in question the street was occupied by railroad tracks, and the excavation had been made by a contractor for the railroad company in taking up and relaying the tracks.

The court charged in part as follows:

Was the city negligent if the city was doing it, if the city was in charge of that work? According to the testimony of some of the witnesses the trench which had been dug there was filled in and paved for ordinary travel for a width of twenty feet. Twenty feet, of course, is more than enough width for two teams passing each other. Was there a lack of care under the circumstances if the city was liable? That is a question for you to determine. But the city's answer to the case is, " We were not doing the work at all." " Somebody else was doing that work, somebody that had the power to occupy that street, that came from the power that made this

municipality." The legislature of Pennsylvania made the city of Philadelphia a city ; and the legislature of Pennsylvania made the belt line and the river front and the Reading and the Pennsylvania corporations, and gave them, so far as the streets that they were there to occupy, as much power as the city of Philadelphia; in fact, a higher power, because a railroad may sometimes and under some circumstances have the right to occupy a public highway against the wishes of the municipality. If this work was being done by corporations other than the city of Philadelphia, then those corporations are responsible to this plaintiff for the manner in which that work was done, if the work was then in progress. Now, was it then in progress? You have the rather careless testimony, it seems to me, of a couple of the plaintiff's witnesses that nothing had been done for two weeks. That is probably true as to that particular spot, but this kind of work was a kind of work that could not be begun and finished in a minute. It was a kind of work which progressed from the northern to the southern limits of the old city of Philadelphia, from Vine street on the north to South street on the south ; and it embraced the laying of three tracks of railroad tracks according to the modern ideas of how railroad tracks should be laid in city streets ; it involved the digging up of the street for between eighteen inches to two feet, the filling in of a concrete base, the laying of the ties, the fastening of the rails ; and the paving had to come last. The digging up of the pavement had to be the first thing and the laying down of the pavement had to be the last thing; and you gentlemen know that you can't any more lay a pavement all at once than you can build a house all at once; stone has to go against stone, the same as brick has to go on brick. Now, was there at the time that this man sustained his injury an abandonment of that work by the Pennsylvania Railroad Company or by McNichol ? If there was, then the city's duty to take care of that highway was again imposed on them, and it would have to step in and finish up that work for the preservation of the public who had a right to use that street. But if that work was then in progress, then in charge of the Pennsylvania Railroad or the Pennsylvania Railroad Company's contractor, this man, this boy has his action against either the contractor or the railroad company; but he has no action

against the city of Philadelphia; and I think you can see the common sense of that.

[Now, there is only one theory upon which the plaintiff can recover against the city in this case; and that is, that you must believe that this work was not being done by the Pennsylvania Railroad or its contractor, but was being done by the city of Philadelphia. Upon that there has not been a word of proof. There is not a line of testimony to contradict the testimony of those men who say that they were doing that work, and were doing it for the Pennsylvania Railroad or the Pennsylvania Railroad's contractor. If you find, and I confess that I don't see how you can help finding, that this work was in charge of the railroad company and its contractor, then this plaintiff has sued the wrong party.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was (3) portion of charge as above, quoting it.

*Augustus Trask Ashton,* for appellant.

*Joseph S. MacLaughlin, Harry T. Kingston,* assistant city solicitors, and *John L. Kinsey,* city solicitor, for appellee were not heard.

PER CURIAM, May 15, 1905:

The main ground on which a reversal of the judgment is asked is that the jury were instructed that the city could be held liable only on the theory that it was doing the work on the avenue where the plaintiff was injured. This ground would be well taken if there had been no other instruction on the subject of the city's liability, because a liability might have arisen if the work had been abandoned and the city had resumed possession of the street. But the instruction complained of was in connection with one branch of the case only. The jury had before been told that if the work had been abandoned the duty of taking care of the street was imposed on the city. When we consider, as we should, the whole instruction on the question of the city's liability, we find the charge entirely free from error. Moreover, no ground of liability was shown and a

verdict might properly have been directed for the city. The work was being done for railroad companies that had charter rights to lay tracks on the avenue. There had been no abandonment of it. It had been prosecuted day and night with vigor and was in the charge of the contractor.

The judgment is affirmed.